UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JARRED FARNHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:25-CV-275-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CAMPARI AMERICA, LLC, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Jarred Farnham's Renewed Motion for Preliminary Injunction, [R. 8]. Because Farnham has not met his initial burden of demonstrating a likelihood of success on the merits or irreparable harm, a response from the Defendants is not required, and Farnham's motion will be denied.

Farnham filed a *pro se* complaint against his former employer, Campari America, LLC ("Campari"), Kentucky Occupational Safety and Health ("KYOSH"), and various KYOSH officials. [R. 1]. Farnham alleges that Campari unlawfully retaliated against him and eventually constructively terminated his employment because he filed workplace safety complaints. *See generally id.* Farnham also alleges that KYOSH and the named KYOSH officials failed to investigate and process his retaliation complaint in accordance with the law. *See generally id.*

Farnham filed a motion for a preliminary injunction on August 1, 2025, seeking reinstatement of his employment or "front pay if reinstatement is infeasible." [R. 5]. The Court denied Farnham's motion, noting that he had not alleged any irreparable injury that would necessitate such extraordinary relief. [R. 6]. Farnham has now filed a renewed motion for a preliminary injunction in which he alleges that he has experienced "compounding harms that are

immediate, ongoing, and unrecoverable at the conclusion of litigation." [R. 8, p. 1]. Specifically, Farnham cites the loss of his health insurance, "industry-wide blacklisting," and the "complete financial destabilization" he has experienced as a result of the loss of his employment with Campari. *See generally id.* Finding that no evidentiary hearing is required, *see Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) (stating that "a hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law"), Farnham's motion is ripe for decision.

"[A] preliminary injunction is 'an extraordinary remedy never awarded as of right.'" *Benisek v. Lamone*, 585 U.S. 155, 158 (2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The Court evaluates four factors when considering a request for preliminary injunctive relief:

(1) whether the movant has shown a strong likelihood of success on the merits;

(2) whether the movant would suffer irreparable injury without the injunction;

(3) whether issuance of the injunction would cause substantial harm to others; and

(4) whether the public interest would be served by issuance of the injunction.

*Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted).

As an initial matter, Farnham has not established that he is likely to succeed on the merits of his claims. Farnham claims that Campari "openly admitted" to retaliating against him based on his protected activity, but this assertion appears to be based on a single text message exchange between Farnham and an unidentified individual named Larry. *See* [R. 8-1, pp. 2–3]. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir.

2012) (alteration in original) (citation omitted). Farnham's conclusory assertion does not satisfy this heavy burden.

Moreover, as the Court previously explained, a showing of irreparable injury is essential. "[E]ven the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *D.T. v. Sumner Cnty. Schs*, 942 F.3d 324, 326–27 (6th Cir. 2017) (citing *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). After all, "[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *Id.* Farnham has not demonstrated that he would suffer irreparable harm in the absence of injunctive relief.

The loss of employment generally does not constitute irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974); *see also Overstreet*, 305 F.3d at 579 (6th Cir. 2002) (noting that "[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay"); *Hayes v. City of Memphis*, 73 Fed. App'x 140, 141 (6th Cir. 2003) (holding that the loss of employment "is fully compensable by monetary relief and is, therefore, not irreparable"); *Aluminum Workers Int'l Union, AFL-CIO, Local Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 443 (6th Cir. 1982) (explaining that, absent a showing that an employer will be unable to provide backpay or reinstatement, "loss of employment . . . is not irreparable harm and will not support a claim by the union for injunctive relief").

The Supreme Court has observed that "cases may arise in which the circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found." *Sampson*, 415 U.S. at 92 n.68. For example, "the loss of health insurance may constitute *per se* irreparable harm, but

- 3 -

only where the plaintiff alleges a critical need for healthcare." *Hayden v. Berryhill*, No. 7:16-178-DCR, 2017 WL 743749, at *3 (E.D. Ky. Feb. 24, 2017) (citing *Carabillo v. ULLICO Inc. Pension Plan & Tr.*, 355 F. Supp. 2d 49, 54 (D.D.C. 2004)).  Here, Farnham indicates that his employer-sponsored health insurance coverage ceased on June 30, 2025.  [R. 8-1, p. 15].  He alleges that he was denied the ability to extend his benefits following his termination because Campari sent the COBRA notification to "an outdated address."  [R. 8, pp. 1–2].

But regardless of whether Farnham could continue his previous insurance through COBRA, he has not demonstrated the existence of harm that "money damages" cannot fix.  *See D.T.*, 942 F.3d at 327.  With respect to his medical care, Farnham presents evidence indicating that he saw a mental health nurse practitioner for ADHD and generalized anxiety five times between September 2024 and July 16, 2025.  [R. 8-1, pp. 9–11].  He also submitted documentation showing that he had three prescriptions filled on June 17, 2025.  *Id.* at 12–13.  Although Farnham has included evidence regarding his out-of-pocket healthcare costs while his insurance was in effect, he includes only a general allegation that his out-of-pocket costs without insurance are over one thousand dollars per month, which he cannot afford since losing his position.  [R. 8, p. 2].

Assuming Farnham's allegations are true, they do not rise to the level of irreparable harm that warrants preliminary injunctive relief.  *See Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020) (noting that the proponent of preliminary injunction must show "certain and immediate" harm, rather than "speculative or theoretical" harm, that would arise in the absence of an injunction (internal quotation marks omitted) (quoting *D.T.*, 942 F.3d at 327)).  While the Court is sensitive to Farnham's situation, it is not unusual for an aggrieved former employee to be faced with these circumstances.  And Farnham offers no reason that he could not obtain employment in a different field (and new health insurance) during the pendency of this

action. *See Speer v. UCOR, LLC*, No. 3:21-cv-368, 2022 WL 3971036, at *9 (E.D. Tenn. Aug. 31, 2022) (availability of replacement insurance cut against the plaintiff's assertion that she would suffer irreparable harm in the absence of an injunction). Moreover, there is nothing to suggest that Farnham's alleged "blacklisting" from the bourbon industry, *see* [R. 8, p. 2], would not be remedied by a judgment in Farnham's favor at the conclusion of litigation.

Farnham suggests that the Court is required to grant his request for preliminary relief because "reinstatement is the only adequate preliminary relief." *Id.* at 3. In support of this proposition, Farnham cites *Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469 (2d Cir. 2006), which is inapposite. In *Bechtel*, which is not binding on this Court, the Second Circuit merely determined that the district court did not have jurisdiction to enforce the Secretary of Labor's preliminary order requiring the defendant to reinstate the plaintiff's employment.

Farnham also relies on *EEOC v. Anchor Hocking Corp.*, 666 F.2d 1037 (6th Cir. 1981), but it does not help his position either. In that matter, Sixth Circuit concluded that the plaintiffs were required to demonstrate irreparable harm to obtain a preliminary injunction under 42 U.S.C. § 2000e–5(f)(2). The Sixth Circuit upheld the district court's conclusion that the former employee/plaintiff had not demonstrated irreparable harm, as "the statutory remedies of reinstatement and back pay [would] adequately redress his injury if his retaliation claim [was] successful." *Id.* at 1044.

Based on the foregoing analysis, Farnham's claim for preliminary injunctive relief will be denied. The next step in the litigation is for the defendants to answer or otherwise respond to Farnham's complaint. The Court will now assign this matter to a United States Magistrate Judge for pretrial management.

Accordingly, it is **ORDERED** as follows:

1. Farnham's Renewed Motion for Preliminary Injunction, [**R. 8**], is **DENIED**.

2. This matter is **REFERRED** to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) to conduct all pretrial proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motion.

3. The Clerk of the Court is directed to **ASSIGN** this matter to a Magistrate Judge consistent with General Order 23-10, Paragraph 6.

This the 20th day of August, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY